UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| **ERNEST TRENTHAM,**<br>13170 Clark Drive<br>Browning, Missouri 64630<br><br>**Plaintiff,**<br><br>v.<br><br>**JAFFAR AL-ZAYADI**<br>Please Serve:<br>6871 Grandmont Ave.<br>Detroit, Michigan 48228<br><br>and<br><br>**THIRA TRUCKING, INC.**<br>Please Serve Registered Agent:<br>Jaffar Al-Zayadi<br>6454 N. Gulley Rd.<br>Dearborn Heights, Michigan 48127<br><br>and<br><br>**B & W CARTAGE COMPANY, INC.**<br>Please Serve Registered Agent:<br>Matthew Drain<br>9850 Pelham Rd.<br>Taylor, Michigan 48180<br><br>and<br><br>**RAM CONTRACT CARRIERS, LTD.**<br>Please Service Registered Agent:<br>Central Authority for Ontario<br>Ministry of the Attorney General<br>P.O. Box 600, Steeles West Post Office<br>Toronto, Ontario, M3J 0K8, Canada<br><br>**Defendants.** | Case No. _____<br><br>**JURY TRIAL DEMANDED** |

# COMPLAINT

1

NOW COMES Plaintiff Ernest Trentham, for his causes of action against Defendants Jaffar Al-Zayadi, Thira Trucking, Inc., B&W Cartage Company, Inc., and Ram Contract Carriers, Ltd. states as follows:

1.      Plaintiff Ernest Trentham is a citizen and resident of the State of Missouri, residing at 13170 Clark Drive, Browning, Missouri 64630. Ernest Trentham is the surviving husband of Velma Trentham, deceased.

2.      Plaintiff Ernest Trentham is the proper party to bring this action for the wrongful death of Velma Trentham as her surviving husband, pursuant to R.S.Mo § 537.080.

3.      Defendant Jaffar Al-Zayadi ("Al-Zayadi") is a citizen and resident of the State of Michigan, residing at 6871 Grandmont Avenue, Detroit, Michigan 48228.

4.      Defendant Thira Trucking, Inc. ("Thira") is incorporated under the laws of the State of Michigan with its principal place of business in the State of Michigan. It may be served with process through its registered agent Jaffar Al-Zayadi, 6454 North Gulley Road, Dearborn Heights, Michigan 48127.

5.      Defendant B&W Cartage Company, Inc. ("B&W") is incorporated under the laws of the State of Michigan with its principal place of business in the State of Michigan. It may be served with process through its registered agent Matthew Drain, 9850 Pelham Road, Taylor, Michigan 48180.

6.      Defendant Ram Contract Carriers, Ltd. ("Ram") is an Ontario Business Corporation with a registered office location in Cottam, Ontario. Defendant Ram can be served through the Central Authority for Ontario, Ministry of the Attorney General, P.O. Box 600, Steels West Post Office, Toronto, Ontario M3J 0K8, Canada.

7. This Court has personal jurisdiction over defendants Al-Zayadi, Thira, B&W and Ram pursuant to R.S.Mo § 506.210 and § 506.500 (1) and (3) in that plaintiff's cause of action arises from defendants' operation of a tractor-trailer on a public highway and tortious acts within the State of Missouri.

8. The Court further has personal jurisdiction over defendants because Al-Zayadi, Thira, B&W and Ram maintain systematic, continuous and substantial connections with the State of Missouri, as they utilize Missouri's roads and highways to transact business and derive revenue. Therefore, defendants have purposefully availed themselves of the privilege of conducting business in Missouri and should reasonably anticipate being haled into court in Missouri.

9. Because defendants use Missouri's roads and highways to transact business and derive revenue, sufficient minimum contacts exist between defendants and Missouri such that the exercise of personal jurisdiction over defendants does not offend traditional notions of fair play and substantial justice.

10. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claim occurred in Linn County, Missouri when Velma Trentham was killed by the wrongful acts and/or negligent conduct described in this petition.

11. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a), as the parties have complete diversity and the amount in controversy exceeds $75,000.00.

12. On November 14, 2017, at approximately 5:45 p.m., Velma Trentham was driving her 2013 Ford Escape (VIN 1FMCU9J91DUA05155; the "Ford") southbound on Missouri Route 139 in Linn County, Missouri, south of Meadville and north of US Route 36.

13. Plaintiff Ernest Trentham was seated in the front passenger seat of the Ford.

14.     At all relevant times, both Velma Trentham and plaintiff were properly using their seat belts in the Ford.

15.     At approximately the same time, Defendant Al-Zayadi was driving a 2007 Freightliner CST120 (VIN 1FUJBBCK17LW34563) and hauling a Vanguard trailer (VIN 5V8VA53298M809043; combined, the "tractor-trailer") westbound on US Route 36, just east of Missouri Route 139.

16.     As Defendant Al-Zayadi drove westbound on US Route 36 and crossed the intersection with Missouri Route 139, the tractor-trailer drifted to the right (north) and struck the Ford (the "collision").

17.     The collision caused the Ford to rotate clockwise and impact the side of the tractor-trailer before coming to rest northwest of the US Route 36 and Missouri Route 139 intersection.

18.     Velma Trentham suffered serious injuries in the collision and was transported to University Hospital in Columbia, Missouri, where she received medical treatment.

19.     As a result of the injuries she sustained in the collision, Velma Trentham died on November 15, 2017, at approximately 5:52 a.m.

**COUNT I**
**WRONGFUL DEATH - Negligence**
**Plaintiff v. Defendant Jaffar Al-Zayadi**

20.     Plaintiff incorporates herein by reference each and every allegation set forth in paragraphs 1 through 19 as if fully set forth herein.

21.     Defendant Al-Zayadi was required to operate the tractor-trailer in a careful and prudent manner with the highest degree of care.

22.     Defendant Al-Zayadi breached that duty of care and was thereby negligent in one or more of the following respects:

  a. Failing to keep a careful lookout;

  b. Failing to look far enough ahead;

  c. Failing to sound a warning;

  d. Failing to slow down;

  e. Failing to apply the brake in a timely manner;

  f. Failing to move lanes to avoid a collision;

  g. Failing to swerve out of the way of the Ford;

  h. Failing to stop, swerve or slow after he knew, or by the use of the highest degree of care could have known, that there was a reasonable likelihood of a collision;

  i. Traveling too fast for the conditions;

  j. Traveling over the speed limit;

  k. Making an improper lane change towards the Ford;

  l. Negligently causing the trailer to swerve towards the Ford;

  m. Failing to equip the tailer with side underride guards;

  n. Failing to maintain all lights on the tractor-trailer in good working condition, including but not limited to the right side trailer light; and/or

  o. Other acts and/or omissions identified during discovery.

23. As a direct and proximate result of the negligence described above, the tractor-trailer struck the Ford.

24. As a direct and proximate result of the negligent acts and/or omissions described above, Velma Trentham suffered severe injuries and was killed.

25. As a direct and proximate result of the negligent acts and/or omissions of defendant Al-Zayadi described herein and the death of Velma Trentham, plaintiff has suffered damages for the pain and suffering that Velma Trentham endured between the time of her initial injury and the time of her death, pecuniary losses by reason of her death, funeral expenses and the loss of the reasonable value of the services, consortium, companionship, comfort, instruction, guidance, counsel, training and support, as well as all other damages allowed under Missouri and Federal law.

WHEREFORE Plaintiff respectfully requests that this Court enter judgment against defendant Al-Zayadi and award a fair and reasonable amount to adequately compensate plaintiff for all damages, including prejudgment interest, interest of judgment, costs of the action, as well as such other and further relief this Court deems just and proper.

## COUNT II
**WRONGFUL DEATH –** *Respondeat Superior*
**Plaintiff v. Defendant Thira Trucking, Inc.**

26. Plaintiff incorporates herein by reference each and every allegation set forth in paragraphs 1 through 25 as if fully set forth herein.

27. At all relevant times, including at the time of the subject collision, defendant Al-Zayadi was the employee, servant, and/or agent of defendant Thira, and was acting within the course and scope of his employment and/or agency with defendant Thira.

28. The negligence of defendant Al-Zayadi as set forth above is imputable to defendant Thira, and defendant Thira is therefore vicariously liable for defendant Al-Zayadi's negligent acts and omissions under the doctrine of *respondeat superior*.

29. As a direct and proximate result of the negligent acts and/or omissions of defendant Thira described herein and the death of Velma Trentham, plaintiff has suffered damages for the

pain and suffering that Velma Trentham endured between the time of her initial injury and the time of her death, pecuniary losses by reason of her death, funeral expenses and the loss of the reasonable value of the services, consortium, companionship, comfort, instruction, guidance, counsel, training and support, as well as all other damages allowed under Missouri and Federal law.

WHEREFORE Plaintiff respectfully requests that this Court enter judgment against defendant Thira and award a fair and reasonable amount to adequately compensate plaintiff for all damages, including prejudgment interest, interest of judgment, costs of the action, as well as such other and further relief this Court deems just and proper.

## COUNT III
### WRONGFUL DEATH – *Respondeat Superior*
### Plaintiff v. Defendant B&W Cartage Company, Inc.

30.     Plaintiff incorporates herein by reference each and every allegation set forth in paragraphs 1 through 29 as if fully set forth herein.

31.     At all relevant times, including at the time of the subject collision, defendant Al-Zayadi was the employee, servant, and/or agent of defendant B&W, and was acting within the course and scope of his employment and/or agency with defendant B&W.

32.     The negligence of defendant Al-Zayadi as set forth above is imputable to defendant B&W, and defendant B&W is therefore vicariously liable for defendant Al-Zayadi's negligent acts and omissions under the doctrine of *respondeat superior*.

33.     As a direct and proximate result of the negligent acts and/or omissions of defendant B&W described herein and the death of Velma Trentham, plaintiff has suffered damages for the pain and suffering that Velma Trentham endured between the time of her initial injury and the time of her death, pecuniary losses by reason of her death, funeral expenses and the loss of the

reasonable value of the services, consortium, companionship, comfort, instruction, guidance, counsel, training and support, as well as all other damages allowed under Missouri and Federal law.

WHEREFORE Plaintiff respectfully requests that this Court enter judgment against defendant B&W and award a fair and reasonable amount to adequately compensate plaintiff for all damages, including prejudgment interest, interest of judgment, costs of the action, as well as such other and further relief this Court deems just and proper.

## COUNT IV
### WRONGFUL DEATH – *Negligent Hiring, Training, Supervision and Retention*
### Plaintiff v. Defendant B&W Cartage Company, Inc.

34. Plaintiff incorporates herein by reference each and every allegation set forth in paragraphs 1 through 33 as if fully set forth herein.

35. At all relevant times, including at the time of the subject collision, defendant B&W maintained control over the work performed by defendant Al-Zayadi as its agent, employee and servant, and had a special relationship with defendant Al-Zayadi.

36. On November 14, 2017, at the time of the aforementioned collision, defendant B&W was negligent in one or more of the following respects:

   a. Negligently hired and retained defendant Al-Zayadi;
   b. Failed to adequately train defendant Al-Zayadi in the safe operation of its vehicle;
   c. Failed to adequately supervise defendant Al-Zayadi in the safe operation of its vehicle;
   d. Negligently entrusted Al-Zayadi with the operation of its vehicle;
   e. Failed to maintain and repair its vehicle to ensure safe operating condition;

  f. Failed to equip its vehicle with proper safety features to prevent wrecks and prevent the unnecessary increased severity of wrecks, including but not limited to adequate warnings, sensors and lights; and/or

  g. Other acts and/or omissions identified during discovery.

37. As a direct and proximate result of the negligent acts and/or omissions of defendant B&W described herein and the death of Velma Trentham, plaintiff has suffered damages for the pain and suffering that Velma Trentham endured between the time of her initial injury and the time of her death, pecuniary losses by reason of her death, funeral expenses and the loss of the reasonable value of the services, consortium, companionship, comfort, instruction, guidance, counsel, training and support, as well as all other damages allowed under Missouri and Federal law.

WHEREFORE Plaintiff respectfully requests that this Court enter judgment against defendant B&W and award a fair and reasonable amount to adequately compensate plaintiff for all damages, including prejudgment interest, interest of judgment, costs of the action, as well as such other and further relief this Court deems just and proper.

## COUNT V
**WRONGFUL DEATH –** *Respondeat Superior*
**Plaintiff v. Defendant Ram Contract Carriers, Ltd.**

38. Plaintiff incorporates herein by reference each and every allegation set forth in paragraphs 1 through 37 as if fully set forth herein.

39. At all relevant times, including at the time of the subject collision, defendant Al-Zayadi was the employee, servant, and/or agent of defendant Ram, and was acting within the course and scope of his employment and/or agency with defendant Ram.

9

40. The negligence of defendant Al-Zayadi as set forth above is imputable to defendant Ram, and defendant Ram is therefore vicariously liable for defendant Al-Zayadi's negligent acts and omissions under the doctrine of *respondeat superior*.

41. As a direct and proximate result of the negligent acts and/or omissions of defendant Ram described herein and the death of Velma Trentham, plaintiff has suffered damages for the pain and suffering that Velma Trentham endured between the time of her initial injury and the time of her death, pecuniary losses by reason of her death, funeral expenses and the loss of the reasonable value of the services, consortium, companionship, comfort, instruction, guidance, counsel, training and support, as well as all other damages allowed under Missouri and Federal law.

WHEREFORE Plaintiff respectfully requests that this Court enter judgment against defendant Ram and award a fair and reasonable amount to adequately compensate plaintiff for all damages, including prejudgment interest, interest of judgment, costs of the action, as well as such other and further relief this Court deems just and proper.

## COUNT VI
**WRONGFUL DEATH –** *Negligent Hiring, Training, Supervision and Retention*
**Plaintiff v. Defendant Ram Contract Carriers, Ltd.**

42. Plaintiff incorporates herein by reference each and every allegation set forth in paragraphs 1 through 41 as if fully set forth herein.

43. At all relevant times, including at the time of the subject collision, defendant Ram maintained control over the work performed by defendant Al-Zayadi as its agent, employee and servant, and had a special relationship with defendant Al-Zayadi.

44. On November 14, 2017, at the time of the aforementioned collision, defendant Ram was negligent in one or more of the following respects:

10

a. Negligently hired and retained defendant Al-Zayadi;

b. Failed to adequately train defendant Al-Zayadi in the safe operation of its trailer;

c. Failed to adequately supervise defendant Al-Zayadi in the safe operation of its trailer;

d. Negligently entrusted Al-Zayadi with the operation of its trailer;

e. Failed to maintain and repair its trailer to ensure safe operating condition;

f. Failed to equip its trailer with proper safety features to prevent wrecks and prevent the unnecessary increased severity of wrecks, including but not limited to adequate warnings, sensors, lights and side underride guards; and/or

g. Other acts and/or omissions identified during discovery.

45. As a direct and proximate result of the negligent acts and/or omissions of defendant Ram described herein and the death of Velma Trentham, plaintiff has suffered damages for the pain and suffering that Velma Trentham endured between the time of her initial injury and the time of her death, pecuniary losses by reason of her death, funeral expenses and the loss of the reasonable value of the services, consortium, companionship, comfort, instruction, guidance, counsel, training and support, as well as all other damages allowed under Missouri and Federal law.

WHEREFORE Plaintiff respectfully requests that this Court enter judgment against defendant Ram and award a fair and reasonable amount to adequately compensate plaintiff for all damages, including prejudgment interest, interest of judgment, costs of the action, as well as such other and further relief this Court deems just and proper.

                Respectfully submitted,

                **KUHLMAN & LUCAS, LLC**

By:   */s/ Chad C. Lucas*
       Chad C. Lucas #50822
       Melissa K. Donlon #71745
       Kuhlman & Lucas, LLC
       4700 Belleview Ave, Suite 300
       Kansas City, Missouri 64112
       Telephone: (816) 799-0330
       Facsimile: (816) 799-0336
       brad@kuhlmanlucas.com
       melissa@kuhlmanlucas.com

       **ATTORNEYS FOR PLAINTIFFS**