**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION**

| | |
|---|---|
| ERNEST TRENTHAM, | ) |
| | ) |
|     Plaintiff(s), | ) |
| | ) |
| vs. | )   Case No. 2:20-CV-70 SRW |
| | ) |
| JAFFAR AL-ZAYADI, et al., | ) |
| | ) |
|     Defendant(s). | ) |

<u>**MEMORANDUM AND ORDER**</u>

This matter comes before the Court on Defendant Jaffar Al-Zayadi's Motion for Leave to File Counterclaim (ECF No. 31), Defendant Thira Trucking, Inc.'s Motion for Leave to File Counterclaim (ECF No. 33), and Defendant B&W Cartage Company Inc.'s Motion for Leave to File Amended Counterclaim (ECF No. 35).

**I.    BACKGROUND**

In November 2020, Plaintiff Ernest Trentham filed a complaint against Defendants asserting claims for wrongful death, negligence, respondeat superior, and negligent hiring, training, supervision, and retention arising out of a motor vehicle accident. In his Complaint, Plaintiff alleges he was a passenger in a vehicle which was struck by a tractor-trailer driven by Al-Zayadi. Plaintiff alleges his wife, who was driving the car, died as a result of the injuries she sustained in the collision. In response, B&W Cartage answered the Complaint and filed a counterclaim against Plaintiff for contribution. Al-Zayadi and Thira Trucking filed answers but did not assert any counterclaims. Now, Al-Zayadi and Thira Trucking seek leave to file counterclaims, and B&W Cartage seeks leave to amend its counterclaim. Al-Zayadi and Thira Trucking seek to assert claims of contribution, abuse of process, and malicious continuation of

1

prosecution. B&W Cartage seeks to add counterclaims of abuse of process and malicious continuation of prosecution.

## II. DISCUSSION

Rule 15 of the Federal Rules of Civil Procedure provides that a party may amend a pleading once as a matter of course within twenty-one days after serving the pleading, or, in all other cases, with written consent of the opposing party or by leave of court. Fed. R. Civ. P. 15(a). Whether to grant a motion for leave to amend is "left to the sound discretion of the district court." *Kozlov v. Associated Wholesale Grocers, Inc.*, 818 F.3d 380, 394 (8th Cir. 2016) (quotation marks and citation omitted). "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Under this liberal standard, "[a] district court may deny leave to amend if there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." *Reuter v. Jax Ltd., Inc.*, 711 F.3d 918, 922 (8th Cir. 2013) (citation and internal quotations omitted).

Defendants' motions were not filed in bad faith, or with dilatory motive or undue delay, and Plaintiff has not asserted the proposed amendment would be prejudicial. There is also no issue of a repeated failure to cure deficiencies because this is the first time Al-Zayadi and Thira Trucking have sought to file a counterclaim and B&W Cartage has sought to amend its counterclaim. Therefore, the issue before the Court is futility.

A proposed claim is futile when it could not withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *J-McDaniel Constr. Co. v. Mid-Continent Cas. Co.*, 761 F.3d 916, 919 (8th Cir. 2014); *Zutz v. Nelson*, 601 F.3d 842, 850 (8th Cir. 2010). The proposed claim must therefore satisfy the pleading standards laid out in *Ashcroft v. Iqbal*, 556

U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). *Zutz*, 601 F.3d at 850– 51. Under those cases, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Thus, "although a complaint need not include detailed factual allegations, 'a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *C.N. v. Willmar Pub. Schs., Indep. Sch. Dist. No. 347*, 591 F.3d 624, 629–30 (8th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555).

    **A.    Malicious Prosecution**

All three defendants seek to assert claims of malicious continuation of prosecution against Plaintiff. In their proposed counterclaims, Defendants allege the Missouri Uniform Crash Report and the Crash Reconstruction Report ("Crash Report"), created by the Missouri Highway Patrol after the accident, states Plaintiff's wife was the sole cause of the accident. Defendants allege Plaintiff possessed and reviewed the reports and yet initiated and continued this litigation alleging Defendants are liable for the accident. Therefore, according to Defendants, Plaintiff lacks probable cause to continue this case.

To establish a claim for malicious prosecution, a party must plead six elements: "(1) commencement of an earlier suit against the party; (2) instigation of that suit by the adverse party; (3) termination of the suit in the party's favor; (4) lack of probable cause for filing the suit; (5) malice by the adverse party in initiating the suit; and (6) damage sustained by the party as a result of the suit." *State ex rel. O'Basuyi v. Vincent*, 434 S.W.3d 517, 519 (Mo. 2014). Missouri requires "strict compliance" with the elements of a malicious prosecution claim, including, in particular, that the prior action result in a favorable conclusion prior to the filing of a malicious

3

prosecution claim. *Id*. at 519-20. In this case, the basis of Defendants' claims for malicious prosecution is the filing of this lawsuit, which obviously has not yet concluded. Therefore, Defendants have not, and cannot, allege a termination of a prior suit in their favor.

Defendants argue that in Missouri, a party can file a claim for malicious continuation of a prosecution. Malicious continuation of a prosecution is when a defendant continues prosecution even though "reasonable grounds existing at the time of instigation are destroyed by subsequently discovered facts." *Hampton v. Carter Enters., Inc.*, 238 S.W.3d 170, 176 (Mo. Ct. App. 2007) (quoting *King v. Ryals*, 981 S.W.2d 151, 154 (Mo. Ct. App. 1998)). However, whether Defendants assert a claim for malicious prosecution or malicious continuation of a prosecution, they must still show a prior case terminated in their favor. Nothing in the *Hampton* or *King* cases suggests a claim for malicious continuation of a prosecution does not require the prior case be terminated in the party's favor. In *Hampton*, the court was deciding when the malicious continuation of a prosecution occurs to determine whether that date fell within the coverage of an insurance policy. *Id*. at 176-77. At no point does it eliminate any elements of the claim. In *King*, although discussing the continuation of a prosecution without probable cause, the court still refers to the six elements of a malicious prosecution claim, which includes that the prior case terminated in the party's favor. 981 S.W.2d at 154.

Thus, while Defendants are correct that claims for malicious continuation of a prosecution can be asserted, they cannot assert those claims in this litigation because this case is the basis for the malicious prosecution claims, and it has not terminated in their favor. Consequently, allowing Defendants to file this counterclaim would be futile. The motions will be denied as to this claim.

4

### B. Abuse of Process

All three defendants seek to assert claims of abuse of process against Plaintiff. The basis of Defendants' abuse of process claims is similar to their malicious prosecution claims. They allege Plaintiff has possession of and has reviewed the Crash Report which finds Plaintiff's wife caused the accident, and yet, Plaintiff filed this lawsuit knowing there was no factual or legal basis for the claims asserted. Defendants allege Plaintiff's improper purpose in filing this suit is to attempt to recover monetary damages for an accident caused entirely by Plaintiff's wife.

To establish a claim for abuse of process, a party must show: "(1) the present defendant made an improper, illegal, perverted use of process, which use was neither warranted nor authorized by the process; (2) the defendant had an illegal purpose in doing so; and (3) damage resulted." *Crow v. Crawford & Co.*, 259 S.W.3d 104, 116 (Mo. Ct. App. 2008). The party must show "the process was used to achieve an unlawful end" or compelled the party to do something he could not legally be compelled to do. *Id*. "No liability is incurred where the defendant has done nothing more than pursue the lawsuit to its authorized conclusion regardless of how evil his motive might be." *Id*. at 117.

The classic example of abuse of process is where an otherwise legitimate lawsuit is filed and then used as a threat to extort money from an opponent. *Blakeney v. City of Pine Lawn, Mo.*, 4:19-CV-02017 SNLJ, 2020 WL 4569175 at *10 (E.D. Mo. Aug. 7, 2020) (citing *Moffett v. Commerce Trust Co.*, 283 S.W.2d 591, 602 (Mo. 1955)). A lawsuit confined to its regular and legitimate function is not an abuse of process. *Id*. (internal quotations and citations omitted). "Instead, there must be some 'collateral purpose' for which the lawsuit is then used to effectuate an illegal and improper harm upon plaintiff." *Id.* (citing *Wells v. Orthwein*, 670 S.W.2d 529, 532 (Mo. Ct. App. 1984)).

5

As the Eighth Circuit has stated, "the use of process 'usually takes the form of coercion to obtain a collateral advantage, not properly involved in the proceeding itself, such as the surrender of property or the payment of money, by the use of the process as a threat or a club. There is, in other words, a form of extortion, and it is what is done in the course of negotiation rather than the issuance or any formal use of the process itself, which constitutes the tort.'" *Nitcher v. Does*, 956 F.2d 796, 800 n.5 (8th Cir. 1992) (quoting W. Page Keeton et al., Prosser and Keeton on the Law of Torts § 121, at 898 (5th ed. 1984)).

Citing the favorable Crash Report, Defendants further allege Plaintiff had the improper purpose of attempting to recover monetary damages related to the accident which thereby caused Defendants' harm in the form of attorneys' fees, expenses, punitive damages, harm to business reputations, and loss of business. Although the counterclaims allege "the illegal, improper, perverted use of process" by Plaintiff, they do not allege a 'collateral purpose' for which the lawsuit has been used to effectuate an illegal and improper harm. Nor do the counterclaims allege Plaintiff is attempting to do anything more than seek monetary damages through a lawsuit. These allegations do not state a claim for abuse of process, plausible on its face, sufficient to survive motions to dismiss. For this reason, the Court will deny Defendants' motions as to the abuse of process claims.

### C.     Contribution

In their claims for contribution under Missouri Revised Statute § 537.060, Defendants Al-Zayadi and Thira Trucking allege Plaintiff, as a passenger in the vehicle, owed a duty of care to prevent injury to himself and his wife, as well as other motorists on the roadway. In particular, Defendants allege Plaintiff failed to maintain a careful and proper lookout, failed to warn his

wife of the traffic conditions before she pulled out into traffic, permitted his wife to drive when she was incapable of doing so in a safe manner, and failed to drive instead of his wife.

When two or more people are liable in tort to the same person for the same harm, there is a right to contribution. *Gramex Corp. v. Green Supply, Inc.*, 89 S.W.3d 432, 442 (Mo. 2002). "To maintain an action for contribution, both the party seeking contribution and the defendant against whom contribution is sought must be tortfeasors, originally liable to the plaintiff-injured party." *Id*. (internal quotations omitted). Joint liability, not joint judgment, is a prerequisite to contribution. *Safeway Stores, Inc. v. City of Raytown*, 633 S.W.2d 727, 730 (Mo. 1982).

Plaintiff argues "Al-Zayadi and Thira have not and cannot produce[] any evidence that Plaintiff had any control, direction, or authority over the driver of the vehicle in which he was a passenger." Plaintiff then cites to his affidavit to show that Defendants' claim for contribution is "fruitless and wholly unsupported." At this stage of the litigation, Defendants need not provide any evidence of their claim, they only need to properly plead a claim for contribution, which they have properly done.

"Generally, a passenger in an automobile is required to exercise ordinary care for his own safety." *Safe Auto Ins. Co. v. Hazelwood*, 404 S.W.3d 360, 366 (Mo. Ct. App. 2013). "It is the duty of a guest passenger to warn a driver of imminent danger, and, when a driver has been or is exercising a visible lack of caution, to take such action as an ordinary or reasonably prudent person would take under same or similar circumstances which could include, among other things, a lookout for dangerous situations." *Choate v. Natvig*, 952 S.W.2d 730, 734 (Mo. Ct. App. 1997). This duty is owed only to the passenger himself, not to the driver or any other person. *Gandy v. Terminal R.R. Ass'n of St. Louis*, 623 S.W.2d 49, 51 (Mo. Ct. App. 1981).

7

Defendants allege the specific manner in which Plaintiff was negligent and that his negligence caused or contributed to his own injuries. At this point, they do not need to disprove the facts put forth in Plaintiff's affidavit or offer evidence of Plaintiff's negligence. As such, Defendant Al-Zayadi and Thira Trucking's counterclaims for contribution are not futile. Therefore, the Court will grant their motions as to this claim.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Jaffar Al-Zayadi's Motion for Leave to File Counterclaim (ECF No. 31) is **GRANTED, in part,** and **DENIED, in part**.

**IT IS FURTHER ORDERED** that Defendant Thira Trucking, Inc.'s Motion for Leave to File Counterclaim (ECF No. 33) is **GRANTED, in part,** and **DENIED, in part**.

**IT IS FURTHER ORDERED** that Defendant B&W Cartage Company Inc.'s Motion for Leave to File Amended Counterclaim (ECF No. 35) is **DENIED**.

So Ordered this 10th day of August.

*/s/ Stephen R. Welby*
STEPHEN R. WELBY
UNITED STATES MAGISTRATE JUDGE